WILSON, Appellant,

v.

FARM CREDIT SERVICES OF MID–AMERICA, Appellee.

[Cite as Wilson v. Farm Credit Servs. of Mid–America,
168 Ohio App.3d 565, 2006-Ohio-5046.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 05CA0086.

Decided Sept. 29, 2006.

David P. Bertsch, for appellant.

Brigid E. Heid, for appellee.

CARR, Judge.

{¶ 1} Appellant, Steven Wilson, appeals the judgment of the Wayne County Court of Common Pleas, which granted summary judgment in favor of appellee, Farm Credit Services of Mid–America. This court affirms.

I

{¶ 2} On April 8, 2004, appellant filed a complaint in the Summit County Court of Common Pleas, alleging four causes of action: wrongful discharge, retaliatory discharge in violation of R.C. 4123.90, breach of contract, and fraud. Appellee timely filed its answer.

{¶ 3} On May 4, 2004, appellee filed a motion to strike appellant's claims alleging retaliatory discharge and fraud. On the same day, appellee filed a motion to transfer venue. The trial court granted the motion to transfer venue, and the cause was transferred to the Wayne County Court of Common Pleas.

{¶ 4} On September 10, 2004, appellant filed a memorandum in response to appellee's motion to strike. Appellant agreed that his second cause of action for retaliatory discharge should be stricken, but he opposed the striking of his fourth cause of action for fraud. On September 15, 2004, the trial court granted appellee's motion as to the retaliatory-discharge claim and denied it as to the fraud claim.

{¶ 5} On January 18, 2005, appellee filed a motion for partial summary judgment in regard to appellant's first cause of action alleging wrongful discharge. Appellant opposed the motion, and appellee filed a reply in support. On May 12, 2005, the trial court granted appellee's motion for partial summary judgment and dismissed appellant's claim alleging wrongful discharge. On December 5, 2005, the trial court issued a final judgment entry, noting that the parties had settled all remaining claims. The trial court entered final judgment dismissing the action with prejudice and stating that appellant "is entitled to file his appeal solely with respect to the issue of whether this court erred in granting

partial summary judgment dismissing Plaintiff's first cause of action." Appellant timely appeals, setting forth one assignment of error for review.

## II

## ASSIGNMENT OF ERROR

The trial court erred in granting summary judgment dismissing plaintiff's Coolidge claim against his employer for wrongfully discharging him on account of his being unable to work while on temporary total disability.

{¶ 6} Appellant argues that the trial court erred by granting summary judgment in favor of appellee on appellant's wrongful-discharge claim. This court disagrees.

{¶ 7} This court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. This court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 9} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639.

{¶ 10} Appellant alleged a claim of wrongful discharge pursuant to *Coolidge v. Riverdale Local School Dist.*, 100 Ohio St.3d 141, 2003-Ohio-5357, 797 N.E.2d 61. Specifically, appellant alleged that appellee terminated him in violation of public policy, because his inability to satisfactorily perform his job responsibilities was due to work-related injuries for which he was on workers' compensation temporary total disability.

{¶ 11} The Ohio Supreme Court held in *Coolidge* at ¶ 46 that "an employee who is receiving TTD [temporary total disability] compensation pursuant to R.C. 4123.56 may not be discharged solely on the basis of absenteeism or inability to work, when the absence or inability to work is directly related to an allowed condition."

{¶ 12} There is no dispute that appellant was injured in a car accident within the course and scope of his employment and that he was receiving temporary total disability compensation pursuant to R.C. 4123.56. There is no dispute that appellant was hired by appellee in August 2000 and was injured in November 2001. Appellant underwent surgery related to his injuries on April 15, 2002, and appellee terminated appellant's employment on May 6, 2002.

{¶ 13} Appellee filed the deposition of Robert Steven Brown, Regional Manager and Vice President of Financial Services for appellee, in support of its motion for summary judgment. Brown testified that he was appellee's immediate supervisor. He testified that appellee was an at-will employee who became a financial service officer after extended participation in a company mentoring program. Brown testified that appellant remained on probation for an extended period of time due to some deficiencies in his performance.

{¶ 14} Brown testified that he terminated appellant due to the discovery of ongoing deficiencies in appellant's performance. Brown testified regarding appellant's February 6, 2001 performance review, which he had prepared. The review indicated that appellant was performing below expectations in five categories, including the demonstration of knowledge of appellee's products, services, and fees, appellee's accounting systems and originating systems, and related policies, procedures, and processes. Appellant also performed below expectations in regard to demonstrating the capability to identify and manage risk, demonstrating the capability to plan and organize sales processes, and critical thinking. Appellant met expectations in the remaining five evaluated areas. The rating scale consisted of the following ratings: outstanding, exceeds expectations, meets expectations, below expectations, and unsatisfactory. Appellant's overall rating on his February 6, 2001 performance review was "B" for "below expectations."

{¶ 15} Brown testified that he thought he had sent appellant a letter in 2001, but he could not recall whether the letter warned that appellant needed to improve in certain areas or risk termination. Appellee attached Brown's Febru-

ary 5, 2001 letter to appellant in support of its motion for summary judgment. The letter noted Brown's "significant concern about [appellant's] attention to details and [his] ability to timely follow-up on requirements established in loan approvals." The letter concluded: "Failure to make improvements in these areas may lead to termination of your employment."

{¶ 16} Brown conceded that appellant's performance review in February 2002 indicated improvement in appellant's performance. Appellant received an overall rating of "M+" to indicate a slightly better than "meets expectations" rating on his February 12, 2002 performance review. He received below-expectations ratings in the areas of technical and professional competence and written and verbal communications. The review noted that appellant was unsuccessful in achieving his state insurance license in two to three attempts and that further development in technical skills in products and technology was desired. The review also noted that appellant needed to improve his accuracy in reporting. Appellant met expectations in four areas and exceeded expectations in the areas of teamwork and service quality.

{¶ 17} Brown testified that he ultimately decided to terminate appellant due to problems with his loan portfolio, which were discovered only when other financial service officers assumed responsibility for appellant's caseload during the period of his medical leave. Brown testified that he prepared the April 26, 2002 memorandum regarding appellant's performance issues. Brown testified that three other loan officers approached him regarding problems with appellant's loan portfolio. Brown's memorandum delineated significant problems in relation to seven customers or loan files. The memorandum stated, "Several problems have been identified in [appellant's] work that are serious in nature and may have an impact on business for [appellee]." Brown testified that he reviewed all of the files referred to in his memorandum to confirm the existence of problems. Brown testified that he scheduled an appointment to meet with appellant on May 6, 2002, to inform him of his termination, because he understood that appellant was planning to return to work that day after his operation and recovery.

{¶ 18} Under these circumstances, this court finds that appellee presented evidence to support its assertion that it terminated appellant's employment due to deficiencies in appellant's work, rather than due to appellant's absenteeism or inability to perform his duties because of his work-related injuries, for which he was then receiving temporary total disability compensation. Appellee presented evidence that appellant's early work performance was below expectations. While appellant's performance improved during the following year, his overall rating was slightly better than "meets expectations," while he maintained below-average ratings in certain significant areas, including his technical and professional competence. Appellee presented evidence to show that other serious deficiencies

in appellant's work performance were discovered only when other financial service officers were required to manage appellant's loan portfolio in his absence. The deficiencies in appellant's work performance included several instances of failing to adequately communicate with customers and thereby losing customers to other lenders, failing to facilitate the completion of loan applications so that closings had to be delayed, failing to follow appropriate procedures to process loans, and the loss of conversion opportunities. Accordingly, this court finds that appellee met its initial burden under *Dresher* to point to evidentiary materials that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶ 19} Appellant appended his affidavit to his opposition to the motion for summary judgment. Appellant averred, "I believe the true reason for my termination was that [appellee] wanted to replace me because I was unable to work while on workers' compensation disability." Appellant further appended a copy of his February 12, 2002 performance review, in which he received mixed ratings.

{¶ 20} This court finds that appellant failed to meet his reciprocal burden to respond by setting forth specific facts demonstrating that a "genuine triable issue" exists to be litigated for trial. *Tompkins*, 75 Ohio St.3d at 449, 663 N.E.2d 639. Construing the facts in a light most favorable to appellant as the nonmoving party, there is evidence to show that appellant had not returned to work and that he was still receiving temporary total disability compensation at the time of his termination. However, appellant failed to present any evidence to rebut appellee's evidence that significant deficiencies in appellant's work performance were discovered only when other financial service officers were required to manage appellant's loan portfolio in his absence. Appellant failed to aver that he had not failed to adequately communicate with customers or failed to follow appropriate loan-processing procedures. Appellant failed to present any evidence that certain customers identified in Brown's April 26, 2002 memorandum did not pursue loans from another lender due to appellant's deficiencies. Appellant failed to present any evidence to show that he in fact completed a greater number of conversions. Appellant's bare assertion that he "believes" that appellee terminated him solely due to his inability to work due to his work-related injuries, without more, is insufficient to demonstrate that a genuine issue of triable fact remains. Accordingly, appellant failed to present any evidence to rebut appellee's evidence that appellant's deficient performance was the reason for his termination on May 6, 2002.

{¶ 21} For the reasons above, this court finds that no genuine issue of triable fact remains, and appellee is entitled to judgment as a matter of law in regard to appellee's wrongful-termination claim pursuant to *Coolidge*. Accordingly, the

trial court did not err by granting summary judgment in favor of appellee on that claim. Appellant's assignment of error is overruled.

### III

{¶ 22} Appellant's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

SLABY, P.J., and WHITMORE, J., concur.